IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLOTTE LITTLE NOURSE and
ZANE OWEN NOURSE, JR.,

    Plaintiffs,
v.                                    CASE NO. 5:17-cv-192-MCR-GRJ

DELLA HOPE BURTON and
JAMES LOGAN BURTON,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiffs initiated this case by filing a complaint, ECF No. 1, and a motion for leave to proceed as a pauper, ECF Nos. 2 (original motion), 4 (amended affidavit). The Court finds that leave to proceed as a pauper should be granted. For the following reasons, the undersigned recommends that this case be dismissed for lack of federal subject matter jurisdiction.

Plaintiff Charlotte Little Nourse alleges that she brings this lawsuit on behalf of her minor son, Zane Owen Nourse, Jr. Plaintiffs are residents of Westville, Florida. Defendants Della Hope Burton and James Logan Burton are residents of Bonifay, Florida. Plaintiff alleges that Della Hope

Burton, the parent of the minor defendant James Logan Burton, allowed her son to harass and stalk Zane Owen Nourse by "use of internet communications." Plaintiff alleges that the Defendants' actions violated 18 U.S.C. § 2261A, a criminal statute proscribing travel in interstate or foreign commerce for the purpose of, *inter alia*, harassment. Plaintiff also alleges that Defendants' actions amounted to negligent and intentional infliction of emotional distress. For relief, Plaintiffs seek damages in the amount of $175, 000. ECF No. 1.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C § 1915(e). The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*).*

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton,* 30 F.3rd 1365, 1367 (11th Cir. 1994). It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.[1] Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases involving a federal question.[2]

Plaintiffs' Complaint presents no federal question. Plaintiffs and Defendants are all citizens of the State of Florida, and therefore there is no diversity of citizenship. The federal criminal statutes do not create a private cause of action for damages. Negligent and intentional infliction of emotional distress are torts under state law and do not create any basis for the exercise of federal jurisdiction under the circumstances of this case.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a

---

[1] *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

[2] 28 U.S.C. § 1331.

plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." See Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of subject matter jurisdiction.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF Nos. 2 and 4, is **GRANTED.**

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** this 1st day of August 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.